JOHN HUNT, APPELLANT, V. SCHOOL DISTRICT ET AL., APPELLEES.

FILED JUNE 23, 1914. No. 17,403.

Adverse Possession: INJUNCTION. One who agrees to sell a site for a schoolhouse to a school district, which takes possession thereof and erects its schoolhouse thereon, and uses the same for school purposes for more than 25 years without objection on the part of the vendor and without any demand for the payment of the purchase price, which was merely a nominal sum, is not entitled to an injunction to restrain the district from repairing and enlarging the schoolhouse on the ground that the district has no title to the schoolhouse site.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. F. Boyd,* for appellant.

*O. A. Williams, contra.*

BARNES, J.

Plaintiff commenced this action in the district court for Antelope county to enjoin the defendant from building an addition to its schoolhouse. His petition alleged, in substance, that the school district has never purchased a site for its schoolhouse; that plaintiff is a taxpayer, residing in said school district; that he has no adequate remedy at law to prevent the unlawful expenditure of the taxpayer's money. The county judge, in the absence of the judge of the district court, granted a temporary order of injunction.

The defendant answered plaintiff's petition, alleging, in substance, that the defendant, in the year 1880, entered upon a tract of land consisting of about a half an acre in area situated in the southeast corner of the south half of the northeast quarter of section 23, township 25 north, of range 5 east, in Antelope county, Nebraska, and erected thereon a schoolhouse, and has ever since said date maintained a schoolhouse upon said tract and used said tract of land for school purposes, and has been in the open, notorious, peaceable, exclusive, continuous and adverse possession of said tract; that defendant long since acquired a good indefeasible title thereto by adverse possession, and that said site is now owned by said school district; that plaintiff claims that the school district has no title to the schoolhouse site aforesaid, and has brought this action to enjoin the expenditure of money thereon because of his said claim; that said claim made by the plaintiff interferes with the full and free enjoyment of its property by the school district, and constitutes a cloud upon its title, which defendant is entitled to have removed. The answer concluded with a prayer that the title as to said tract

of land be quieted in the defendant against the claims of the plaintiff, and for equitable relief.

The plaintiff, by his reply, among other things, denied the allegations of the defendant's answer. A trial was had on the issues joined. The court found that the temporary order of injunction should not have been granted; that plaintiff is entitled to the use of the premises in question, and in the event, and if at any time, the school district ceases to use the same for school purposes and as a schoolhouse site, the same should revert to plaintiff. The temporary injunction was dissolved. The title to the premises was quieted in the defendant for its use as a schoolhouse site as long as the same should be used for that purpose. The decree provided, however, that, in case the defendant should abandon the site for school purposes, then the same should revert to the plaintiff. Plaintiff's action was thereupon dismissed at his costs, and he has brought the case to this court by an appeal.

The bill of exceptions discloses that when the defendant's schoolhouse, which it sought to repair, was built, the tract of land in question was owned by the Burlington & Missouri River Railroad Company, for which one Michaelson had a contract of purchase. The plaintiff testified that he was a joint purchaser of the land, and that the contract was taken in the name of Michaelson for their mutual benefit; that when the schoolhouse was erected it was agreed between himself and the moderator and treasurer of the school district that, as soon as he obtained title to the land, he would sell the tract on which the schoolhouse was built, consisting of about half an acre, to the school district; no other agreement was ever made, either written or oral; that the schoolhouse was built in 1887, and the following spring the plaintiff helped to put the seats therein. Michaelson made the payments upon his contract with the Burlington railroad, and on the 21st day of November, 1887, obtained a deed for the quarter section of land above described, and thereupon, on the 20th day of June, 1888, Michaelson and wife conveyed the south half of the quarter section to the plaintiff.

It thus appears that, at that time, the district was entitled to a deed for the tract of land occupied as a schoolhouse site upon payment of the reasonable value thereof to the plaintiff. It also appears that the value of the tract of land so occupied by the defendant, at that time, was about $2.50. The plaintiff testified that he gave his consent to the schoolhouse being placed on the tract in question, and that he continued to act as a director of the school district, and in the meantime became the owner of the premises where the schoolhouse had been placed; that no other agreement was ever made. It appears that the school district continued to use the property, and plaintiff let it go that way. He said he never received a cent of rent for the tract in question. Witness further testified that he had been an officer of the school district during the last eight or nine years; that last fall he told the officers that they must move the schoolhouse off; that he was not very friendly with the officers of the district at that time. On redirect examination he stated that the arrangement was made between himself and Novell and Pete Thompson, and that it was agreed that when he got title, if they wanted to buy the site, they should buy it, and if they did not want to buy it, and he wanted to sell it, they should either buy it or take the schoolhouse off; that last spring he demanded $50 for the site, and told them that if they did not pay him that amount they should move the schoolhouse away.

We find from the record that as early as June, 1888, the plaintiff had the right to demand payment for the tract of land in question; that he neglected to make any such demand, and since that time has acquiesced in the claim of the district to be the owner of the schoolhouse site. It appears that the plaintiff, as well as the school district officers, have for more than 20 years acquiesced in the situation, and until the plaintiff became unfriendly with some of the school district officers he made no objection to the use of the school site for school purposes. It is true that the matter of the payment for the land was never discussed, and that question was never raised between plain-

tiff and the school district until just before the commencement of this action.

We are of opinion that the plaintiff's claim of possession of the schoolhouse site, at this remote period, cannot be maintained. It is evident that the district has acquired the right to use the site by prescription, and that the plaintiff cannot now maintain this action.

The judgment of the district court is therefore

AFFIRMED.